PROB. 12B
(7/93)

# ORIGINAL

## United States District Court

for the

### DISTRICT OF HAWAII



FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

AUG 22 2007

at ___ o'clock and ___ min. ___
SUE BEITIA, CLERK

**Request for Modifying the Conditions or Term of Supervision
with Consent of the Offender**
*(Probation Form 49, Waiver of Hearing is Attached)*

Name of Offender:  KYLE CORREA            Case Number:  CR 04-00462SOM-01

Name of Sentencing Judicial Officer:    The Honorable Susan Oki Mollway
                                        U.S. District Judge

Date of Original Sentence:  7/8/2005

Original Offense:    Count 1:  THEFT OF U.S. GOVERNMENT PROPERTY,
                     in violation of 18 U.S.C. § 641, a Class C felony

Original Sentence:   Three (3) years probation with the following special conditions:
                     1) That the defendant participate in a substance abuse program,
                     which may include drug and alcohol testing, at the discretion and
                     direction of the Probation Office. The defendant is to refrain from
                     the possession and/or use of alcohol while participating in
                     substance abuse treatment; 2) That the defendant provide the
                     Probation Office and the Financial Litigation Unit of the U.S.
                     Attorney's Office access to any requested financial information to
                     include submitting to periodic debtor's examinations as directed by
                     the Probation Office; 3) That the defendant perform 100 hours of
                     community service as directed by the Probation Office; 4) That the
                     fine of $3,000 is due immediately and any remaining balance be
                     paid during the period of supervision on an installment basis
                     according to the collection policy of the Probation Office but at a
                     rate of not less than 10 percent of his monthly gross income; and
                     5) That restitution of $12,375.25 is due immediately.

Type of Supervision:  Probation            Date Supervision Commenced:  7/8/2005

### PETITIONING THE COURT

[X]    To modify the conditions of supervision as follows:

Prob 12B
(7/93)

2

|  |  |
|---|---|
| General Condition: | That the defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of the commencement of supervision and at least two drug tests thereafter but no more than eight valid drug tests per month during the term of supervised release, unless there is a positive drug test, in which event the maximum shall increase to up to one valid drug test per day (mandatory condition). |
| Special Condition No. 6: | That the defendant participate in mental health treatment at the discretion and direction of the Probation Office. |

## CAUSE

| Violation Number | Nature of Noncompliance |
|---|---|
| 1. Standard Condition No. 3 | The offender failed to be truthful with the Probation Officer and failed to follow the instructions of the Probation Officer. |

On 7/25/2007, the subject was instructed by United States Probation Officer (USPO) Sydney Fleming to report to the Probation Office and submit a random urine specimen. The subject informed USPO Fleming that he was currently at a jobsite located at Mokuleia and requested if he could submit a urine specimen another day. USPO Fleming denied the subject's request and advised the subject to make arrangements with his employer so that he would be able to submit a urine specimen. He was instructed to report to the Probation Office by 3:30 p.m. The subject advised that he would inform his employer and contact USPO Fleming with an estimated time of arrival to the Probation Office.

Later the same day, the subject left a message on USPO Fleming's voicemail stating he was having trouble getting off from work. USPO Fleming contacted the subject's employer, Island Topsoil, and was informed that the subject had the day off. USPO Fleming left a message on the subject's cellular phone to contact her immediately.

The subject contacted USPO Fleming and was confronted about lying to the Probation Officer about working when he had the day off. The subject advised that he was helping his father-in-law with his fumigation business. The subject was instructed to report to the probation office on 7/26/2007.

Prob 12B
(7/93)

3

    The subject reported to the Probation Office as instructed. Upon further questioning, he admitted that he recently had a verbal argument with his wife that escalated to a physical confrontation. In explanation, the subject admitted that he had hit his wife. He stated that the police were not contacted. The subject reported that he felt extremely remorseful for what he did. He reported that he stayed with his mother in Aiea for a few days to "take a break" from his wife. The subject apologized for failing to contact this officer regarding above incident, lying about his employment and for not reporting to the Probation Office when he was instructed to do so by USPO Fleming. He stated that he was scared that his wife had contacted the Probation Office about the fight and that he would be arrested. The subject was sternly admonished for his violations. In addition, this officer had the subject sign a behavioral contract agreeing to comply with the following terms: 1) Abide by the general, standard, and special conditions of supervision; 2) Shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer; 3) Shall notify the probation officer immediately of any changes to my employment and/or residence; 4) Abstain from all illicit drugs and shall not illegally possess any illicit drugs and/or any contraband items; 5) Report for random urine drug testing when instructed to do so by the probation officer; and 6) Comply with all mental health counseling appointments and the recommendations for treatment. The subject was informed that failure to comply with the behavioral contract would result in increasingly severe sanctions, including the revocation of his supervision. The subject acknowledged that he understood. The subject provided a urine specimen on 7/26/2007, and the specimen tested negative for illicit drugs on a non-instrumented testing device (NITD).

    The subject agreed to participate in mental health and anger management counseling to help cope with the stresses from his marital problems and has been reporting for counseling with Freedom Recovery Services (FRS). In addition, the subject reported that he and his wife will be attending marriage counseling with FRS. The subject also agreed to modify his conditions of supervision to accommodate the revised language for participation in substance abuse treatment and to comply with the requirements of random drug testing under U.S. v. Stephens. In light of U.S. v. Stephens, it is recommended that the Court amend the mandatory Violent Crimes Control Act drug testing condition as noted above. The modification of this mandatory condition will provide the Probation Office with the necessary tools to monitor the subject. The Probation Office is respectfully recommending that the Court take no action at this time and to modify his supervision conditions and impose the aforementioned special conditions. The Court will be notified and further action may be requested if he is unable to comply with the conditions of supervision.

Prob 12B
(7/93)

4

Attached is a signed Waiver of Hearing to Modify Conditions of Probation. The subject waives his right to a hearing and to assistance of counsel. The subject agrees to the modification of the conditions of probation. The subject's attorney and the U.S. Attorney's Office have been notified of the proposed modification and have no objections to the modification.

Respectfully submitted by,

*/s/ Joann S. Hamaji*
JOANN S. HAMAJI
U.S. Probation Officer

Approved by:

*/s/ Peter D. Yoshihara*
PETER D. YOSHIHARA
Supervising U.S. Probation Officer

Date: 8/21/2007

---

THE COURT ORDERS:

[X] The Modification of Conditions as Noted Above
[ ] Other

*/s/ Susan Oki Mollway*
SUSAN OKI MOLLWAY
U.S. District Judge

8/21/07
Date

PROB 49
(5/96)

# United States District Court

### District of Hawaii

### Waiver of Hearing to Modify Conditions
### of Probation/Supervised Release and/or Extend Term of Supervision

     I have been advised and understand that I am entitled by law to a hearing and assistance of counsel before any unfavorable change may be made in my Conditions of Probation and Supervised Release and/or my period of supervision being extended. By "assistance of counsel," I understand that I have the right to be represented at the hearing by counsel of my own choosing if I am able to retain counsel. I also understand that I have the right to request the court to appoint counsel to represent me at such a hearing at no cost to myself if I am not able to retain counsel of my own choosing.

     I hereby voluntarily waive my statutory right to a hearing and to assistance of counsel. I also agree to the following modification of my Conditions of Probation and Supervised Release and/or to the proposed extension of my term of supervision:

[ X ]    To modify the conditions of supervision as follows:

*5. That the defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of the commencement of supervision and at least two drug tests thereafter but no more than eight valid drug tests per month during the term of supervised release, unless there is a positive drug test, in which event the maximum shall increase to up to one valid drug test per day (mandatory condition).*

*6. That the defendant participate in mental health treatment at the discretion and direction of the Probation Office.*

Witness: _____  Signed: _____
            JoAnn S. Hamaji                              Kyle Correa

_____
Date

## NOTICE REGARDING MODIFICATION OF CONDITIONS

The defendant understands that any modification of court-ordered conditions is not a waiver of those conditions or of any consequence of violating those conditions. Violations that have preceded this or any modification of conditions may be considered by the court as a basis for revoking supervised release or probation, especially, but not only, in the event of a future violation, whether any such future violation is similar to or different from any preceding violation.

The absence of this notice does not confer, and should not be interpreted by the defendant as conferring, any rights on the defendant. The absence of this notice does not indicate, and should not be interpreted by the defendant as indicating, any position by the court or by the defendant. Even in the absence of this notice, supervised release or probation may, in the future, be revoked based on violations occurring before this or any other modification of conditions.

Agreed to and acknowledged:

_____
Defendant: Kyle Correa

Print Name: _Kyle Correa_

Date: _7/27/07_